# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:21CR00002-004 |
| v.  ) | **OPINION** |
| ) | |
| **CORY AUSTIN HAMMOND,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Drew O. Inman, Assistant United States Attorney, Roanoke, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The court considers whether to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (USSG). For the following reasons, the defendant's sentence will be reduced.

I.

Cory Austin Hammond was sentenced on September 30, 2021, to a total term of imprisonment of 135 months following his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine (Count 1) in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and possession with intent to distribute and distribute a mixture or substance containing methamphetamine (Count 9) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

II.

The parties agree that under Amendment 821, the defendant is eligible for a reduction of his sentence from 135 months to 121 months. However, the government objects and argues that, based on the nature and circumstances of his crimes as well as his criminal history, Hammond should not be given a reduction. The government also contends that Hammond, having pleaded guilty, has already received a lighter sentence than the seriousness of his crimes would normally warrant. In turn, Hammond argues that given his substantial sentence of over ten years, a sentence reduction would not undermine the punitive and rehabilitative goals of sentencing. Furthermore, he argues that because the Sentencing Commission has found the addition of criminal history points to not be consistent with the likelihood that a defendant will offend again, his sentence should be reduced. He notes that his criminal history lacks any convictions for firearms or violent offenses and that his upbringing placed him at increased risk for substance abuse. Additionally, Hammond has completed high school and is a licensed Certified Nursing Assistant, which will improve his job prospects once he is released.

III.

Even where the defendant is deemed eligible for a reduced sentence under the Amendment, the court must still consider the applicable 18 U.S.C. § 3553(a) factors.

Hammond's unstable upbringing and young age at the time of his offenses reduce his culpability. In addition, his educational background makes it more likely that he will be able to find employment upon release, which indicates a lower risk for recidivism. I also conclude that a sentence of 121 months adequately reflects the seriousness of the offense and deters criminal conduct, both for the defendant and others. A minor reduction of 14 months does not impede these goals. Lastly, I find that while the original sentence was appropriate, the Sentencing Commission's finding that the addition of extra criminal history points was inconsistent with a prediction of future criminal behavior is a valid reason for the reduction in the sentence.

Considering the foregoing, I find that the defendant is qualified for relief. A separate Order will be entered reducing his sentence to 121 months.

DATED: February 14, 2024

/s/ JAMES P. JONES
Senior United States District Judge